IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CHARLES WARLICK, | ) |
|     Petitioner, | ) ) ) |
| v. | )    No. 1:18-cv-01078-JDB-egb |
| JONATHAN LEBO, | ) ) ) |
|     Respondent. | ) |

ORDER DENYING MOTION FOR COUNSEL
AND
DIRECTING RESPONDENT TO RESPOND TO THE PETITION

On April 27, 2018, Petitioner, Charles Warlick, filed a 28 U.S.C. § 2254 petition for habeas corpus (the "Petition") (Docket Entry ("D.E.") 1), as well as a motion for appointment of counsel (D.E. 3). In compliance with the Court's order of June 1, 2018 (D.E. 8), the inmate signed the Petition (D.E. 9).

The pending motion recites several factors that a court may consider in deciding whether to appoint counsel in a civil case. It does not, however, assert that Petitioner faces any of those circumstances, other than an inability to pay for an attorney. "A request for appointment of counsel in a civil action is not satisfied by indigence alone." *Young v. Ramsey*, Civil Case No. 06-12269, 2006 WL 2086024, at *1 (E.D. Mich. July 25, 2006) (citing *Lavado v. Keohane,* 992 F.2d 601, 605-06 (6th Cir. 1993)). The motion for appointment of counsel is therefore DENIED.

It is ORDERED, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), that Respondent, Jonathan Lebo, file a response to the Petition within twenty-eight days. Lebo is advised to read the following paragraph carefully because many of the requirements for his response are new.

For each claim presented, the answer shall state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses. Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the petitioner's argument that he is entitled to habeas relief with appropriately reasoned legal and factual argument. The response shall include the complete state-court record, as defined in Administrative Order 16-31, which shall be organized and appropriately indexed in the manner specified in the administrative order. Each docket entry in CM-ECF shall have a label corresponding to the index.

It is further ORDERED that the Clerk of Court send a copy of the Petition and this order to Respondent and to the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4.

Pursuant to Habeas Rule 5(e), Warlick may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight days of service. He may request an extension of time to reply by filing a motion on or before the due date of his reply

IT IS SO ORDERED this 19th day of September 2018.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE