IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHARLES WARLICK,

    Petitioner,

v.                                                                                                                     No. 1:18-cv-01078-JDB-jay

JOHNNY FITZ,

    Respondent.

ORDER DENYING § 2254 PETITION,
DENYING A CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner, Charles Warlick, has filed a pro se habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2254. (Docket Entry ("D.E.") 1.) For the following reasons, the Petition is DENIED.

BACKGROUND

In November 2015, Petitioner entered a best-interest guilty plea to second degree murder, with an agreed sentence of twenty years' incarceration. (D.E. 12-3 at PageID 187-88.) According to the factual basis provided by the prosecution at the change of plea hearing, Warlick strangled his long-time girlfriend, Bernice Boykin, after both had been "drinking alcohol and potentially using illicit drugs." (Id. at PageID 182.) Soon after the murder, Warlick called a friend and told him "I think I killed someone." (Id. at PageID 184.) He also "made multiple spontaneous utterances to law enforcement on the scene saying, 'I did it. I did it. I did it.'" (Id. at PageID 185.)[1] The State conceded that "the victim . . . had recently been released from prison following

---

[1] At the change of plea hearing, Petitioner's attorney told the court that Warlick's "version of what happened that night" was not entirely the same as the events recited by the prosecution. (D.E. 12-3 at PageID 185-86.)

her service of a sentence imposed for a conviction of aggravated assault," and "could . . . have violent tendencies[.]" *Warlick v. State*, No. W2017-00703-CCA-R3-PC, 2018 WL 672593, at *1 (Tenn. Crim. App. Jan. 31, 2018) (second alteration in original). Petitioner was sentenced to twenty years' incarceration. (D.E. 12-3 at PageID 188.) He did not take a direct appeal.

The inmate filed a timely pro se petition for post-conviction relief (D.E. 12-1 at PageID 57-59), which was amended by appointed counsel (*id.* at PageID 64-66). The post-conviction trial court conducted an evidentiary hearing (D.E. 12-2) and denied relief (*id.* at PageID 159-60; D.E. 12-1 at PageID 69-70). The Tennessee Court of Criminal Appeals ("TCCA") affirmed the lower court's rulings. *Warlick*, 2018 WL 672593, at *1.

## DISCUSSION

Warlick filed the Petition on April 27, 2018. He asserts that counsel rendered ineffective assistance and that counsel's ineffectiveness rendered his guilty plea involuntary. On October 16, 2018, Respondent, Johnny Fitz,[2] filed the state court record (D.E. 12) and his response to the Petition (D.E. 14). He argues that the claims are procedurally defaulted. Petitioner did not file a reply, although he was allowed to do so.

I.  Legal Standards.

    A. Federal Habeas Review.

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2254. Under the statute, habeas relief is available only if the prisoner

---

[2] The Clerk is DIRECTED to modify the docket to reflect Johnny Fitz as Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Fed. R. Civ. P. 25(d).

is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The availability of federal habeas relief is further restricted where the petitioner's claim was "adjudicated on the merits" in the state courts. 28 U.S.C. § 2254(d). In that circumstance, the federal court may not grant relief unless the state-court decision "'was contrary to' federal law then clearly established in the holdings of [the United States Supreme] Court[,] or . . . 'involved an unreasonable application of' such law[,] or . . . 'was based on an unreasonable determination of the facts' in light of the record before the state court." *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (quoting 28 U.S.C. § 2254(d)) (internal citations omitted).

A state court's decision is contrary to federal law when it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law," or when "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at" an "opposite" result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An unreasonable application of federal law occurs when the state court, having invoked the correct governing legal principle, "unreasonably applies the . . . [principle] to the facts of a prisoner's case." *Id.* at 409.

For purposes of § 2254(d)(2), a state court's "factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The Sixth Circuit construes § 2254(d)(2) in tandem with § 2254(e)(1) to require a presumption that the state court's factual determination is correct in the absence of clear and convincing evidence to the contrary. *Ayers v. Hudson*, 623 F.3d 301, 308 (6th Cir. 2010) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)). A state court's factual findings are therefore "only unreasonable where they are 'rebutted by clear and convincing

3

evidence and do not have support in the record.'" *Moritz v. Woods*, 692 F. App'x 249, 254 (6th Cir.) (*quoting Pouncy v. Palmer*, 846 F.3d 144, 158 (6th Cir. 2017)) (some internal quotation marks omitted), *cert. denied*, 138 S. Ct. 518 (2017).

Before a federal court will review the merits of a claim brought under § 2254, the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To be properly exhausted, a claim must be "fairly presented" through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999).

The exhaustion requirement works hand in hand with the procedural-default rule, which generally bars federal habeas review of claims that were procedurally defaulted in the state courts. *Id.* at 848. A petitioner procedurally defaults his claim where he fails to properly exhaust available remedies (that is, fails to fairly present the claim through one complete round of the state's appellate review process), and he can no longer exhaust because a state procedural rule or set of rules have closed-off any "remaining state court avenue" for review of the claim on the merits. *Harris v. Booker*, 251 F. App'x 319, 322 (6th Cir. 2007). Procedural default also occurs where the state court "actually . . . relied on [a state] procedural bar as an independent basis for its disposition of the case." *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985). To cause a procedural default, the state court's ruling must "rest[] on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citing *Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935) & *Klinger v. Missouri*, 80 U.S. 257, 263 (1871)).

A petitioner will be entitled to federal court review of the merits of a claim that was procedurally defaulted if he demonstrates "cause for the default and actual prejudice as a result of

4

the alleged violation of federal law[.]" *Id.* at 750.  The ineffectiveness of post-conviction trial counsel may be cause to excuse the default of an ineffective-assistance-of-trial-counsel claim. *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (citing *Martinez v. Ryan*, 566 U.S. 1, 9-11 (2012)).

A petitioner may also overcome his procedural default by establishing a "gateway" claim of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). To open the gateway, a prisoner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.  He must also show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have convicted him[.]" *Id.* at 327.

    B.  Ineffective Assistance of Counsel.

A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984).  To succeed on such a claim, a petitioner must demonstrate two elements:  (1) "that counsel's performance was deficient"; and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.  A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted).

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Richter*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 693). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

*Strickland*'s two-part test applies to a claim that counsel was ineffective at the plea stage of the criminal proceedings. *Rodriguez-Penton v. United States*, 905 F.3d 481, 486 (6th Cir. 2018). "Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). A petitioner demonstrates prejudice in the plea context by establishing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. A petitioner may also establish prejudice by showing that, had he been properly advised by counsel during the plea negotiations, he "would have bargained for a more favorable plea." *Rodriguez-Penton*, 905 F.3d at 488.

The deference to be accorded a state-court decision under § 2254(d) is magnified when a federal court reviews an ineffective-assistance claim:

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

6

*Richter*, 562 U.S. at 105.

II.     Petitioner's Claims.

As indicated above, the movant asserts that counsel rendered ineffective assistance at the pretrial stage and that the ineffectiveness produced an involuntary guilty plea. In support, he alleges that counsel "failed to fully pursue and exploit the defense of self-defense or involuntary manslaughter due to the intoxication level[] of the victim." (D.E. 1-1 at PageID 16.) He maintains that "counsel knew in advance that: (1) The victim Bernice Boykin was severely intoxicated and had cocaine in her system; (2) that the victim had just been released from a prison for aggravated assault of a person who ultimately died from the assault. and (3) that in light of the victim's intoxication, an expert medical opinion [was] necessary to provide a credible explanation for the defense[']s theory." (*Id.* at PageID 17 (internal record citation omitted).)

Respondent argues that the claims are procedurally defaulted. Specifically, he posits that, although the legal theories presented here are the same as those advanced before the TCCA, the factual basis for Warlick's federal habeas claims was not presented to the state courts. The Court agrees.

As discussed supra, a claim is procedurally defaulted when the petitioner fails to "fairly present[]" it to the state courts. *Boerckel*, 526 U.S. at 848. A claim is fairly presented "where the petitioner present[s] both the factual and legal basis for his claim to the state courts[.]" *Ambrose v. Romanowski*, 621 F. App'x 808, 814 (6th Cir. 2015) (quoting *Hanna v. Ishee*, 694 F.3d 596, 606 (6th Cir. 2012)).

Warlick did not fairly present his claims to the state courts. A review of his post-conviction appellate brief shows that he grounded his ineffective-assistance and involuntary-plea claims on allegations that the trial court "threatened" him with a sixty-year sentence and that trial counsel

7

failed to adequately communicate with him and "review and explain [the] evidence[.]" (D.E. 12-4 at PageID 202.) In contrast, his claims in the present matter are, as discussed above, based on his allegation that counsel "failed to fully pursue and exploit the defense of self-defense or involuntary manslaughter due to the intoxication level[] of the victim." (D.E. 1-1 at PageID 16.) Petitioner, thus, did not present the factual basis for his federal habeas claims to the state courts. Because the time for doing so has passed, *see* Tenn. Code Ann. §§ 40-30-102(a), (c), the claims are procedurally defaulted.

Warlick has not asserted cause and prejudice to excuse the defaults. Nor has he argued that he has new evidence of his actual innocence. His claims are therefore barred from review in this federal habeas proceeding and are DISMISSED.

For these reasons, the Petition is DENIED. Judgment shall be entered for Respondent.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore DENIED.[3]

IT IS SO ORDERED this 5th day of April 2021.

                                                    s/ J. DANIEL BREEN
                                                    UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.